Edwards, Ch. J.
_r-We have deliberated upon this subject since it was last argued, and have come to a final determination, that Smith was improperly received as security in this court; and that other security must be given.
Enter the rule as before directed.*

 In the cafes of Reefe vs. Lawlefs, and Allen & wife vs. Coffmant fall term 1808, the court fuftained motions fimiiar to the preceding, on the ground of the tecurity taken being inefficient.
The following rules were then laid down relative to this proceeding :
The motion mull be founded upon an affidavit of the infufficiency of the fecurity taken. The affidavit of a perfon interefted in the judgment belww, may be read, when application is made ior the jule to fliew caufe.
Ifthe court are fatisfied, from the affidavit, th^t there is caufe to interfere, a rule will be entered ¡or the plaintiff in error to fliew caufe, by a day to be named, why the juperjedeas ihould not be difcharged, or other fecurity given \ proviaed a copy of the rule be ferved on him by a day to be named by the court.
On /hewing caufe, affidavits taken by either party, (upon reafonable notice given to thé other) may be read, to fliew the Sufficiency or infufficiency of the fecurity taken*
The affidavit of the fecurity may be received.
Coils will be given to the fuccefsful party on this application, but a lawyer’s ffee will not be taxed.
It the fecurity is adjudged inefficient, the additional fecurity offered mu/l be approved of by the court.
Whenever iecurity is offered to the clerk, he may put the fecurity tendered on oath, and examine him as to the amount of his property $ and in detail relative thereto. And chough the perfon tendered, fliould /wear he was able to pay the fum in which he was to be bound $ yet ifthe clerk was not, from the dfetail, fatisfied of the corre&nefs of the ftatement $ he was not bound to receive Jlim as fecurity.